[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION IN RE APPLICATION FOR PROTECTION FROM FORECLOSURE
In this foreclosure action the defendant, Nancy M. Feiner, seeks relief as provided in General Statute 49-31d et ff. To qualify the defendant must prove that she will be able to make payments on any restructured mortgage that might be ordered, and also that she is an "underemployed person" as defined in General CT Page 6923 Statute 49-31d(b).
At the hearing there was prolonged testimony by the defendant. It was necessary for her to, show she was "underemployed" by showing separately her earned income for the periods June 21, 1991 to June 21, 1993 and also June 21, 1993 to June 21, 1994. Her income was difficult to ascertain because of a business venture, a divorce and a lack of adequate records. For example, she has not as yet filed her income tax report for 1994. For these reasons she presented a difficult problem for her counsel and the situation made difficult her ability to satisfy the burden of proof.
Adding further to her problems, her husband, the co-defendant in this action, quitclaimed the property to her in response to the divorce decree'. An attempt was made to include him as a co-owner of the property. However, the testimony as to his earnings was lacking because of its hearsay and unreliable nature.
The lack of adequate records also prevented the presentation of financial records which would show the earnings made within the one-year and two-year periods mentioned above.
The Statute (49-31f(d)(1) provides that in determining the eligibility of a homeowner for protection from foreclosure. . . the court shall consider the likelihood that the homeowner will be able to make timely payments on the restructured mortgage. In view of the financial affidavit of the plaintiff it is apparent such a likelihood cannot be expected.
In view of the above considerations it is concluded that 1) the evidence does not justify the conclusion that Mrs. Feiner will be able to make timely payments on a restructured mortgage or 2) that she is an "underemployed person" under the Statute.
The application is denied.
John M. Alexander State Trial Referee